UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE

Petitioner,

v.

WILLIS CHAPMAN,

Respondent.

_____/

Case No. 20-cv-10385

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

# OPINION AND ORDER (1) SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Darrin LaPine ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is incarcerated as a result of his 2012 Chippewa Circuit Court conviction for aggravated domestic violence. This conviction is not the subject matter of the instant petition, though. Petitioner's instant habeas case instead concerns a 2016 charge pending in the Wayne Circuit Court for assault with intent to maim, MCL 750.86. The Wayne Circuit Court docket sheet indicates that the case is scheduled to go to trial on April 13, 2020.

Petitioner asserts that his case in the Wayne Circuit Court should have been dismissed on grounds of preindictment delay. For the reasons stated below, his

petition for writ of habeas corpus is summarily denied. Additionally, the Court will deny Petitioner a certificate of appealability and permission to appeal *in forma pauperis*.

## I. BACKGROUND

According to the Michigan Court of Appeals opinion, which Petitioner attached to his instant petition:

> In September of 2016, [Petitioner] was arrested for assault with intent to maim for an alleged assault that occurred about 16 months earlier, on May 24, 2015, while [he] was in prison at the Detroit Reentry Center. During his arraignment on October 18, 2016, [Petitioner] stood mute and a plea of not guilty was entered. In January 2017, [Petitioner] filed a motion to dismiss for prearrest delay. The trial court granted defendant's motion, concluding that the delay in arrest resulted in a violation to defendant's due process rights.

*People v. LaPine*, No. 337719, 2018 WL 6004708, at *1 (Mich. Ct. App. Nov. 15, 2018).

The Michigan Court of Appeals reversed the trial court's decision to grant Petitioner's Motion to Dismiss and remanded the case to the Wayne Circuit Court for trial. *Id.* Petitioner appealed this decision, but the Michigan Supreme Court ultimately denied leave to appeal. *See People v. LaPine*, 925 N.W.2d 871 (Mem.) (Mich. 2019). As indicated above, Petitioner's case is now awaiting trial, with the first trial date set for April 13, 2020.

## II. DISCUSSION

Federal courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 foll. U.S.C. foll. § 2254.

Pretrial habeas petitions are properly brought under 28 U.S.C. § 2241. *See Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). Excluding extraordinary circumstances, federal courts do not review habeas petitions challenging state criminal proceedings that remain pending in the state trial court. *Id.* at 297. Such circumstances may include speedy trial and double jeopardy challenges. *Id.* (citing *Abney v. United States*, 431 U.S. 651, 660 (1997)); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 503 (1973). A claim of preindictment delay, however, ordinarily does not present such an extraordinary circumstance. *See, e.g.*, *Dickerson v. State of La.*, 816 F.2d 220, 229 (5th Cir. 1987).

Here, Petitioner seeks to stop his state court prosecution from proceeding to trial. In *Younger v. Harris*, the Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. 401 U.S. 37, 45 (1971). This doctrine, known as *Younger* abstention, is grounded in the bedrock principle that our nation is comprised of many smaller sovereigns and

guided by a proper respect for state functions. *Id.* at 44. As the Sixth Circuit has recognized, the exercise of *Younger* abstention is appropriate "when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Each of the three criteria is present here.

First, Plaintiff's criminal prosecution is currently pending in the Wayne Circuit Court, thus satisfying the first criterion. *See Fed. Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962 (6th Cir. 1992) ("Under this rule, if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied.") A criminal prosecution such as the one pending against Petitioner now is precisely the kind of state proceeding envisioned by *Younger*.

Second, a criminal prosecution unquestionably involves important state interests. "[S]tate criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x. 792, 794 (6th Cir. 2003). The second criterion is therefore also satisfied.

Finally, Petitioner has not shown the lack of an adequate opportunity to bring his claims in state court. The state court proceedings provide an adequate

4

opportunity for Petitioner to raise his challenge. Specifically, Petitioner's claim hinges on the allegation that the prosecutor withheld exculpatory evidence or allowed it to be destroyed prior to the filing of charges. Though Petitioner's preindictment delay claim was rejected by the Michigan Court of Appeals, Petitioner may still seek redress from the state courts consistent with the Michigan Court of Appeals decision if he can demonstrate that actual and substantial prejudice resulted from the loss of defense evidence. *People v. LaPine*, No. 337719, 2018 WL 6004708, at *2–3 (Mich. Ct. App. Nov. 15, 2018). Thus, Petitioner still has an adequate opportunity in the state courts to raise his constitutional challenges.

There are three recognized exceptions to the *Younger* abstention doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or if (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). The Sixth Circuit has narrowly construed these exceptions. *See Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The Court finds that Petitioner's case does not satisfy any of these three exceptions. Petitioner does not allege any facts suggesting that the state proceedings

are motivated by an improper purpose. Additionally, while he does assert that the prosecutor withheld or destroyed exculpatory evidence, Petitioner fails to indicate that any improper purpose in the prosecution itself. Further, he does not challenge the constitutionality of a state criminal statute. Finally, Petitioner does not allege facts suggesting the existence of a pressing need for immediate federal relief. Indeed, the instant petition is not being brought by an otherwise free person facing criminal charges; Petitioner is serving another sentence while the current criminal case is proceeding. There is no pressing need for immediate relief justifying a disruption of the state criminal process.

Accordingly, the Court must abstain from considering Petitioner's challenge to his pending state criminal proceeding. The Court therefore summarily denies the petition for a writ of habeas corpus.

Finally, this Court must address the issue of a certificate of appealability. Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. §

2253(c)(3); FED. R. APP. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not find this Court's assessment that it must abstain from enjoining the pending state criminal proceeding to be debatable or wrong. 28 U.S.C. § 2253(c)(2); *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). Therefore, the Court denies a certificate of appealability.

The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**SO ORDERED**.

Dated:  February 28, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 28, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk